# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6857 | **DATE** | 5/15/2003 |
| **CASE TITLE** | MARIA GONZALEZ, et al vs. RODEL BABASA, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____.  Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]  **ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss pursuant to Rule 12(b)(6) is denied. Defendants' motion to dismiss for failure to comply with Rule 4 is granted in part and denied in part; the complaint is dismissed without prejudice as to defendants Becker, Brady, Korns, Krueger, LoGrande and Parker.  Plaintiffs have until 6/15/03 to properly serve Mascari, Melik and Murphy. Defendants' motion for summary judgment as to defendant Becker is dismissed as moot. Defendants' motion for summary judgment as to Darling and Mitchell is denied without prejudice.  Plaintiffs' motion to conduct discovery pursuant to Rule 56(f) is dismissed as moot.  Status hearing set for 7/16/03 at 9:30a.m.**

(11)  ■  [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | **number of notices** | **Document Number** |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | **MAY 1 9 2003** | |
| | Notified counsel by telephone. | | | **date docketed** | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | **docketing deputy initials** | |
| ✓ | Copy to judge/magistrate judge. | | | **date mailed notice** | |
| TBK | courtroom deputy's initials | | FILED FOR DOCKETING 03 MAY 15 AM 8:03 U.S. ... COURT central Clerk's Office | **mailing deputy initials** | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MARIA GONZALEZ and ARTURO RODRIGUEZ, )
)
Plaintiffs, )
)
v. )
)
RODEL BABASA, et al. )
)
Defendants. )

**DOCKETED**

MAY 1 9 2003

No. 02 C 6857
Paul E. Plunkett, Senior Judge

## MEMORANDUM OPINION AND ORDER

Before the Court are several motions: (1) defendants' motion to dismiss the complaint against all defendants for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6); (2) defendants' motion to dismiss the complaint against certain of the defendants pursuant to Rule 4 for failure of service of process; (3) defendants' motion for summary judgment pursuant to Rule 56(c) as to three of the defendants; and (4) plaintiffs' motion to conduct discovery pursuant to Rule 56(f). For the reasons stated below, the motions are granted in part and denied in part.



## I. Background

Plaintiffs, Maria Gonzalez and Arturo Rodriguez, have filed a complaint against the individual defendants, fourteen agents of the Drug Enforcement Administration of the United States ("DEA"), for violations of plaintiffs' constitutional rights. The complaint, which is brief, alleges the following facts. Plaintiffs reside on the third floor of a building owned by Gonzalez, located at 2850 South Millard in Chicago. On October 14, 2000 at approximately 3:00 p.m., plaintiffs were in the first floor apartment of the building. At that time, without warning or notice and with guns drawn, some DEA agents entered the first floor apartment by knocking down the front door. Some of the defendants entered the kitchen, where they found Rodriguez, handled him roughly and pushed him into another room. Defendants then hit Rodriguez in the chest and face, kicked him and handcuffed him for at least one hour.

When Gonzalez entered the kitchen, DEA agents pushed her into a door causing her to fall and injure her knees. Defendants searched Gonzalez's residence and building, remaining in the building for approximately four to five hours. While defendants remained at 2850 South Millard, neither Rodriguez nor Gonzalez was allowed to use the bathroom or the telephone, or leave the first floor room in which defendants had placed them. Defendants made Gonzalez's children stay in a separate room. Defendants left the property without arresting either of the plaintiffs, but they did ransack Gonzalez's apartment and took some of her personal belongings. When defendants left, plaintiffs "found a search warrant" for the first floor apartment at 2850 South Millard. The subject of the warrant was described as a Hispanic male in his early forties. No one matching the description was present while defendants searched the building.

The plaintiffs allege they have suffered physical and emotional pain and trauma because of defendants' unjustified actions. They have filed a *Bivens*[1] action against defendants, alleging that defendants conspired to and did deprive plaintiffs of their constitutional rights as protected by the Fourth and Fifth Amendments to the U.S. Constitution. Defendants have filed three motions and plaintiffs have filed one. The motions are discussed separately below.

## II. Defendants' Rule 12(b)(6) Motion to Dismiss

All of the defendants have moved to dismiss the claims against them pursuant to Rule 12(b)(6) because the complaint groups the defendants together when establishing the basis for the claims rather than identifying by name the particular defendant who participated in the particular conduct. For example, instead of alleging that defendants Smith, Jones and Black[2] handcuffed Rodriguez or that defendants Smith and Jones pushed Gonzalez, the complaint alleges that "the defendants" handcuffed Rodriguez for at least one hour and that "DEA agents" pushed Gonzalez into a door. (Compl. ¶¶ 15, 18.) Defendants assert that the plaintiffs are required to allege which individual defendants engaged in the individual acts described in the complaint. Because the complaint lacks such specificity, argue the defendants, it should be dismissed.

---

[1] A *Bivens* action is brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* action alleges a civil rights violation and is identical to an action brought under 42 U.S.C. §1983, except that in a *Bivens* action, a federal actor is substituted for a state actor. *See Bieneman v. City of Chicago*, 864 F.2d 463, 469 (7th Cir. 1988).

[2] We use these fictitious names for illustrative purposes only. No individuals with these names have been named as defendants.

We disagree. On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In order to state a cause of action under *Bivens*, "plaintiff[s] must allege facts which show that the individual defendant was personally involved in the deprivation of the plaintiff[s'] constitutional rights." *Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997) (citing *Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994)). The "personal involvement" requirement is met when an individual "acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994) (citation omitted). We do not find it fatal to plaintiffs' complaint that they have failed to identify at this time the particular defendant or defendants who hit and kicked Rodriguez, pushed Gonzalez or carried out the other acts described in the complaint. Although this Court has in the past required plaintiffs to match incidents and defendants, *see Markham v. White*, 1995 WL 669643 (N.D. Ill. Nov. 8, 1995), we do not find the requirement appropriate in these circumstances when we can imagine that plaintiffs had no opportunity at the time of the incident to get to know the individual defendants. *See Okoro v. Bohman*, 2001 WL 1098041, at *2 (N.D. Ill. Sept. 14, 2001) (allowing case against Chicago police officers and federal DEA agents to go to trial even though plaintiffs could not identify which

defendant specifically engaged in which act and plaintiffs learned the names of the defendants only through discovery efforts).

In addition, a defendant may not be able to escape liability for certain conduct simply because he did not physically act himself. Under certain circumstances, liability in a civil rights action can stem from the failure to intervene. *See Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972) (finding that nonsupervisory police officers may be liable for civil rights violations when they fail to stop other officers).

We are required to construe pleadings liberally and will not dismiss for vagueness or lack of detail. *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). Rule 8 requires a short and plain statement of the claim that will give the defendant fair notice of the principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). That is precisely what plaintiffs' complaint does. Although it may be that, as defendants argue, not all of the defendants were involved in every act, such as handcuffing Rodriguez, or that some of the defendants may avoid liability based on qualified immunity, these details are more appropriately addressed at a later proceeding. *Tuite v. Henry*, 1994 WL 55711, at *3-4 (N.D. Ill. Feb. 22, 1994) (discussing Seventh Circuit decision of *Triad Assocs., Inc. v. Robinson*, 10 F.3d 492 (7th Cir. 1993)). As the case proceeds, plaintiffs will be able to identify which defendants engaged in which activity.

The same analysis holds true for the plaintiffs' conspiracy allegation. To support a conspiracy claim, plaintiffs must allege "facts [that] support an agreement between the defendants." *Kunik v. Racine County*, 946 F.2d 1574, 1580 (7th Cir. 1991). There must be some kind of "meeting of the minds" among the participants – "a whiff of the alleged conspirators' assent". *Id.* "A

complaint inadequately alleges conspiracy when the facts it alleges are vague, conclusionary and include no overt acts reasonably related to the promotion of the alleged conspiracy." *Id.* (citing *Hansen v. Ahlgrimm*, 520 F.2d 768, 770 (7th Cir. 1975)). We find that plaintiffs have alleged the requisite "meeting of the minds" and "overt act" requirement of the conspiracy.

### III. Defendants' Motion to Dismiss for Failure to Comply with Rule 4

Defendants seek to dismiss the complaint as to nine of the defendants on the grounds that plaintiffs have failed to comply with the 120-day service requirements of Rule 4. Rule 4 provides for service of the summons and complaint on a defendant within 120 days of filing the complaint. Fed. R. Civ. P. 4(m). If service has not been made in that period of time, "the court . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . . ." *Id.* If a plaintiff can show good cause for the failure to comply with the 120-day requirement, "the court shall extend the time for service for an appropriate period." *Id.* Plaintiffs filed their complaint on September 25, 2002. Their 120 days ran out on January 23, 2003. On January 27, 2003, in the Joint Status Report, plaintiffs stated that they had only served six defendants. Plaintiffs have not previously requested an extension of time in which to serve the remaining defendants, and only request it now in response to defendants' motion.

The nine defendants who claim they have not been served are: Becker, Brady, Korns, Krueger, LoGrande, Mascari, Melik, Murphy and Parker. Plaintiffs admit to not having served seven of them: Becker, Brady, Korns, LoGrande, Melik, Murphy and Parker. We deal first with defendants Krueger and Mascari. Plaintiffs have no response to defendants' request that the complaint be

dismissed as to Krueger. Plaintiffs state that Krueger is not named in their complaint and that they did not list him as a defendant. (Pls.' Mem. of Law in Response at 3.) However, as defendants point out, plaintiffs do identify Krueger in their complaint as one of the parties involved. (Compl. ¶ 7.) Because plaintiffs admit that he is not one of the defendants, we grant defendants' motion as to Krueger.

As for Mascari, there is a misunderstanding between the parties as to whether she was properly served. Plaintiffs submitted evidence that a process server served Mascari by leaving the summons and complaint with Esther Welch of the Milwaukee County Sheriff's Department in Milwaukee, Wisconsin. (Pls.' Mem. of Law in Response Ex. 3.) However, defendants have submitted an affidavit from Welch which states that Welch only accepts service on behalf of the department, and not on behalf of the individual officers who work for the department. (Defs.' Mem. of Law Mot. to Dismiss Ex. E.) Because plaintiffs have made efforts to serve Mascari and understood that she was served properly, we deny defendants' motion as to this defendant and grant plaintiffs an additional thirty days to properly serve Mascari.

Defendants' motion as to defendants Melik and Murphy is denied because we find plaintiffs have made a showing of good cause for failure to effect service. *See Sullivan v. Mitchell*, 151 F.R.D. 331, 332-33 (N.D. Ill. 1993) (good cause is within district court's discretion and can be based on plaintiff's reasonable and diligent efforts at effecting service). An affidavit[3] submitted by plaintiffs indicates that attempts have been made to serve these two defendants – the defendants have been

---

[3] The affidavit states that Scott Levy, attorney for plaintiffs in this case, "attempted to personally serve the following defendants as follows: . . . ."

located and process servers have been hired. (Pls.' Mem. of Law in Response Ex. 1.) The process servers, however, have been unsuccessful in their attempts to serve Melik and Murphy. *Id.* We grant plaintiffs an additional 30 days in which to serve these two defendants.

We grant defendants' motion as to defendants Becker, Brady, Korns, LoGrande and Parker. In the cases of Becker, Korns, LoGrande and Parker, plaintiffs state that they are unable to locate the defendants. However, plaintiffs offer no evidence of the efforts undertaken to locate them. As defendants point out, Rule 4(m) requires service within 120 days, not merely success in locating the defendants. *See Tuke v. United States*, 76 F.3d 155, 157 (7th Cir. 1996) (four months is ample time in which to achieve service). Because we have no evidence to demonstrate that plaintiffs were diligent in their efforts to serve these defendants, we grant defendants' motion. *See Geiger v. Allen*, 850 F.2d 330, 333-34 (7th Cir. 1988) (a party must be diligent in efforts to effect service).

As for Brady, plaintiffs assert that they have discovered that Brady works in Indiana, but that attempts to contact a process server have been unsuccessful. (Pls.' Mem. of Law in Response Ex. 1.) This suggests that a process server has not been hired to serve Brady, and that no attempts to serve Brady have been made. But in their memorandum, plaintiffs assert that they have attempted to serve Brady, and that he is evading service. *Id.* We find it difficult to reconcile these two assertions. Moreover, although a defendant's evasion of service can be good cause warranting an extension of time in which to effect service, *see Sullivan*, 151 F.R.D. at 333, plaintiffs must give us some kind of evidence; they cannot rely on an unsupported assertion. *See Bachenski v. Malnati*, 11 F.3d 1371, 1376 (7th Cir. 1993) (affirming district court finding that plaintiff was not diligent in his

attempts at service); *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 303 (7th Cir. 1991) (requiring evidence to support a finding that a defendant is evading service).

To sum up, we deny defendants' motion to dismiss as to Mascari, Melik and Murphy. Plaintiffs have an additional thirty days in which to serve these defendants. We grant defendants' motion as to Becker, Brady, Korns, Krueger, LoGrande and Parker. The complaint as to those defendants is dismissed without prejudice.

## IV. Defendants' Motion for Summary Judgment

Three of the defendants (Becker, Darling and Mitchell) have moved for summary judgment on the grounds that they were not involved in the acts described in the complaint.[4] These three defendants have submitted their own affidavits in support of their motion in which they state that they either entered the premises with guns in hand or witnessed others do so, but that they did not engage in or witness any of the other allegations contained in the complaint. (Def. LR 56.1(a) Stmt. Exs. 1, 2, 3.) Because we have already dismissed the complaint as to Becker, his motion for summary judgment is dismissed as moot. We are left with the summary judgment motion as to Darling and Mitchell.

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

[4] In the alternative, they seek to have the lawsuit against them dismissed on the same grounds. Our discussion is applicable to both requests.

matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth

of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all

evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls*

*of Illinois, Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the

record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

The two defendants say that based on their affidavits, "no reasonable juror could find them

liable for the acts alleged in the complaint." (Def.'s Mem. of Law Mot. to Dismiss at 9.) Darling

states that, while he was on the law enforcement team that searched the property at 2850 South

Millard, he did not enter the residence until after it was secured, and while inside, did not interact

with either plaintiff. (Def. LR 56.1(a) Stmt. Ex. 2.) Mitchell states that he participated in the initial

entry into the residence as part of the law enforcement team but that he did not engage in any of the

other acts described in the complaint. (*Id.* Ex. 3.)

Plaintiffs challenge the summary judgment motion on the grounds that it is premature. We

agree. We cannot, at this time, grant summary judgment for the moving defendants based on their

self-serving affidavits. First, we note that in addition to alleging a direct violation of their

constitutional rights, plaintiffs have alleged a conspiracy to deprive plaintiffs of their constitutional

rights. Liability for such a conspiracy can attach so long as there was a "meeting of the minds"

among the conspirators to engage in the unconstitutional activity, even if some of the defendants did

not participate in certain of the discrete acts. *See Amundsen v. Chicago Park District*, 218 F.3d 712,

718 (7th Cir. 2000) (citing *Kunick v. Racine County, Wisconsin*, 946 F.2d 1574 (7th Cir. 1991)).

*See also Moreno v. Town of Cicero, et al.,* 2002 WL 31017932, at *3 (N.D. Ill. Sept. 5, 2002) (discussing § 1983 conspiracy allegation).

In addition, formal discovery has not yet begun in this case. Plaintiffs have not had an opportunity to engage in discovery on this matter and much of the information they need to respond to defendants' motion is in the hands of the defendants themselves. As plaintiffs have explained in their response brief, without having had an opportunity to see photographs of the individual defendants or otherwise match a name to a face, they cannot respond to assertions regarding each defendant's individualized conduct. Defendants' have the right to move for summary judgment at any time, *see* Fed. R. Civ. P. 56(b), but plaintiffs deserve a fair chance to respond, which means the time and opportunity to engage in discovery. Thus, we deny without prejudice defendants' motion for summary judgment as to these two defendants.

## V. Plaintiffs' Motion to Extend Discovery

Plaintiffs have asked that, in the event we do not deny defendants' motion for summary judgment, we allow them to conduct limited discovery pursuant to Rule 56(f) to respond to Darling's and Mitchell's motion. As stated above, we deny defendants' motion without prejudice, and so dismiss plaintiffs' motion as moot.

## Conclusion

For the reasons set forth above, defendants' motion to dismiss pursuant to Rule 12(b)(6) is denied. Defendants' motion to dismiss for failure to comply with Rule 4 is granted in part and denied in part; the complaint is dismissed without prejudice as to defendants Becker, Brady, Korns, Krueger, LoGrande and Parker. Plaintiffs have thirty (30) days from the date of this Order to properly serve Mascari, Melik and Murphy. Defendants' motion for summary judgment as to defendant Becker is dismissed as moot. Defendants' motion for summary judgment as to Darling and Mitchell is denied without prejudice. Plaintiffs' motion to conduct discovery pursuant to Rule 56(f) is dismissed as moot.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** *May 15, 2003*

—